George Schmidt, Appellant, v. The Crowell-Collier Publishing Company et al., Appellees.

Gen. No. 45,865.

Opinion filed February 2, 1953. Released for publication February 20, 1953.

JAY E. DARLINGTON, of Hammond, Indiana, and JOHN R. JEFFERS, of Chicago, for appellant.

BELL, BOYD, MARSHALL & LLOYD, of Chicago, for appellees; THOMAS L. MARSHALL, and CHARLES T. MARTIN, both of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, a stockholder of Tucker Corporation, appeals from an order dismissing his derivative suit for damages to the corporation resulting from an alleged libel published during the pendency of a reorganization proceeding in the bankruptcy court because of the insufficiency in law of the amended complaint, hereinafter referred to as complaint.

Plaintiff contends that the complaint sufficiently shows abandonment by the bankruptcy court of the cause of action for the alleged libel, and its reversion to the corporation, and that by statutory prohibition of the Bankruptcy Act and a restraining order entered in the reorganization proceeding, the statute of limitations was tolled so that plaintiff's action was brought in apt time. Defendant Publishing Company hereinafter called defendant, contests the position of plaintiff and insists that there was no abandonment of the cause of action in the bankruptcy court; that plaintiff took no steps in that court to compel the trustee to bring suit or to obtain leave of court to institute the present cause of action; that plaintiff has neither capacity nor right to maintain this suit and that it is barred by the statute of limitations. These issues are determinative of the appeal. Other objections raised by defendant in its motion to dismiss and preserved on appeal need not be considered.

The facts stated in the complaint material on appeal are as follows: March 3, 1949 a petition for reorganization of the corporation was approved. The survivor of the two trustees then appointed is trustee of the estate. It is still open. No reorganization plan has been approved and there is slight chance that one will be. June 25, 1949 the alleged libel was published. February 20, 1951 plaintiff's counsel advised counsel for the trustee that he, plaintiff's counsel, considered the cause of action valuable to the corporation and

231

meritorious; that it was in danger of being outlawed or lost on or shortly after March 3, 1951, and requested counsel for the trustee to file and prosecute suit thereon before it became outlawed and lost, "calling his attention to the fact that the corporation in a reorganization proceeding is given a limitation of at least two years in which to sue on any cause of action after the approval of the petition (Title 11, secs. 29e and 514)." Counsel for trustee replied that he had been considering the matter and had reached the conclusion that he would not institute suit; that he considered the cause of action to be nonexistent and not an asset of the corporation's estate. February 23, 1951 counsel for plaintiff notified counsel for the trustee by letter that he, plaintiff's counsel, intended to file a stockholders' suit upon the cause of action as an asset which had been abandoned in fact and law by the trustee and thereby reverted to the corporation, and requesting that he be notified to the contrary if that was not the position of the trustee and the court having charge of the reorganization proceeding. Copies of the letter were sent on the same day to the trustee and the court for their information and notice. The trustee and the court remained silent, "thereby acquiescing in and ratifying said abandonment of this cause of action to the corporation." The commencement of this suit was stayed until the abandonment of the cause of action by the trustee by the statutory prohibition of the Bankruptcy Act and an order of court entered March 3, 1949 enjoining until final decree or further order of the court all stockholders and others named in the order (not including the trustee) "from doing any act or thing whatsoever to interfere with the possession or management by said debtor or said trustee, of the property and assets of the within estate, or in any way to interfere with said trustees in the discharge of their duties herein, or to interfere in any manner during the pend-

ency of the proceeding with the exclusive jurisdiction of this court over said debtor and said trustees and their respective properties.''

There is no allegation that plaintiff took any steps prior to February 20, 1951 to procure institution of suit; that he made any effort before the referee or the court before whom the proceeding was pending to compel the trustee to bring suit or for leave to plaintiff to sue; that an order was entered in the bankruptcy court authorizing the trustee to abandon the cause of action or permitting plaintiff to sue thereon.

 The conditions precedent to the institution of a stockholder's derivative suit on behalf of a corporation are clearly defined. The stockholder must exhaust his remedies in the corporation by a demand on the officers to institute suit, or show the futility of a demand. If the assets of the corporation have passed to a trustee in bankruptcy the stockholder must request the trustee to institute suit and, if he declines, petition the court before whom the proceeding is pending to direct the trustee to bring suit or authorize the stockholder to sue. *McIlvaine v. City Nat. Bank & Trust Co.,* 314 Ill. App. 496; *Meyer v. Fleming,* 327 U. S. 161. In the latter case a stockholder of the St. Louis Southwestern Railway filed a claim in behalf of the corporation against the Rock Island, then in the hands of a trustee in a reorganization proceeding; while the claim was pending a petition for reorganization of the St. Louis Southwestern was approved and a trustee appointed. In discussing the right of the stockholder to continue prosecution of the claim the court pointed out that the claim had been filed prior to the approval of the petition for the reorganization of the St. Louis Southwestern, and said: ''If the claim were to be filed after the petition for the reorganization of St. Louis Southwestern had been approved, it could be done only with the consent of the bankruptcy court. For it has

233

exclusive authority to determine how causes of action which have become a part of the bankruptcy estate shall be enforced.''

Plaintiff made no motion in the bankruptcy court. His right to maintain this suit depends wholly on the sufficiency of the averments in the complaint to show abandonment of the cause of action and its reversion to the corporation. He relies strongly on *In re Malcom* (Dist. Ct. E. D. Ill., 1943), 48 F. Supp. 675, and cases cited therein, holding that no formal petition for or order of abandonment is necessary. These cases are applications for leave to reopen estates and suits involving title between third persons and the bankrupts or their successors in interest. They are decided on equitable principles—estoppel and laches. The controversies therein over the claimed abandonment arose after the closing of the estates. While the bankruptcy proceeding is pending, orders may be entered therein determining the controversy.

█ Plaintiff bases his claim upon the matters hereinbefore stated. The conversation with and letter to the attorney for the trustee bound neither the trustee nor the court. The sending of copies of the letter to the trustee and the court was equally ineffective. The court acts only through its orders. It could acquiesce in and ratify an abandonment of the cause of action only by an order authorizing or confirming the abandonment. No order of that nature was entered.

██ Moreover, this cause of action was barred by the Statute of Limitations more than six months before suit was instituted (March 2, 1951) or request made on counsel for the trustee to bring suit (February 20, 1951). The alleged libel was published June 25, 1949. Under the Illinois statute an action for libel must be commenced within one year next after the cause of action accrued—the date of the publication. Ill. Rev.

234

Stat. 1951, chap. 83 [par. 14], sec. 13 [Jones Ill. Stats. Ann. 107.273]. The federal statutes relied on by plaintiff (11 U. S. C. A., secs. 29 (e) and 514) do not extend this limitation. Section 29 (e) reads:

"A receiver or trustee may, within two years subsequent to the date of adjudication or within such further period of time as the Federal or State law may permit, institute proceedings in behalf of the estate upon *any claim against which the period of limitation fixed by Federal or State law had not expired at the time of the filing of the petition in bankruptcy.*" (Italics ours.)

This limitation applies only to actions to enforce causes existing at the time of bankruptcy. *Tuffy v. Nichols* (C. C. A. 2nd Cir., 1941), 120 F. (2d) 906. Section 514 makes section 29 (e) applicable to reorganization proceedings. In this case the cause of action arose more than three months after the approval of the petition for reorganization. It is not governed by section 29 (e).

██ The statute of limitations is not tolled by section 23 of the Illinois statute (Ill. Rev. Stat. 1951, chap. 83, par. 24) [Jones Ill. Stats. Ann. 107.283], which is as follows:

"When the commencement of an action is stayed by injunction, order of a judge or court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the actions."

The injunctional order relied on by plaintiff, entered March 3, 1949, hereinbefore quoted, did not restrain the institution of suit by the trustee on claims in favor of the debtor corporation. There being neither statutory prohibition nor injunctional order to toll the run-

235

ning of the statute, suit on the alleged libel of June 25, 1949 was barred after one year from that date.

The order appealed from is affirmed.

*Order affirmed.*

FRIEND, P. J. and BURKE, J., concur.